(Reap. Dec. 11049)

NAFTONE, INC., ET AL. v. UNITED STATES

Entry Nos. 8892 ; 8162.

(Decided August 4, 1965)

*Sharretts, Paley & Carter* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: These appeals for reappraisement are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that the merchandise covered by the appeals for reappraisement listed in Schedule A, attached hereto and made a part hereof, consists of a coal tar chemical known as chloroferone which is classifiable under paragraph 27 of the Tariff Act of 1930, as amended, and that this product is not on the Final List of articles (T.D. 54521) which are excluded from the valuation under the Customs Simplification Act of 1956.

IT IS FURTHER STIPULATED AND AGREED that on the respective dates of exportation of the instant shipments, there was not any similar competitive domestic article manufactured or produced in the United States and that such or similar imported merchandise was not sold or offered for sale in the principal market of the United States for domestic consumption.

IT IS FURTHER STIPULATED AND AGREED that the prices, at the times of exportation of the instant shipments, at which such or similar merchandise was freely sold in the principal markets of the country of exportation, in the usual wholesale quantities and the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States are the invoice unit prices.

IT IS FURTHER STIPULATED AND AGREED that these appeals be submitted on this stipulation, being limited to the merchandise herein described.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper

basis for the determination of the value of the merchandise involved herein and that said value is represented by the invoice unit prices.

Judgment will be rendered accordingly.